Juan Jose **HINOJOSA**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 14–97–00836–CR, 14–97–00839–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 1, 1999.

Patricia Sedita, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Justices HUDSON, WITTIG, and LEE.[1]

1. Senior Justice Norman Lee sitting by as-

## OPINION

DON WITTIG, Justice.

Appellant, Juan Jose Hinojosa, Jr., appeals his convictions for aggravated sexual assault of a child and indecency with a child. After finding appellant guilty of both charges, the jury assessed his punishment at confinement in the Texas Department of Criminal Justice, Institutional Division, for forty years and twenty years, respectively. Appellant brings three points of error on appeal, asserting that the trial court erred in admitting appellant's extraneous offenses against the complaining witnesses in violation of Texas Code of Criminal Procedure article 38.37 and Texas Rules of Evidence 401, 402, and 403. We affirm.

### Background

Appellant is the older brother of C.H. and K.H. At trial, appellant admitted that over a period of ten years he touched C.H.'s breasts and private parts at least once a week. Appellant further admitted that this touching totaled 520 times. C.H. testified that appellant fondled her breasts and her vagina two or three times a week from the time that she was four until she was twelve or thirteen years old. C.H. additionally testified that appellant penetrated her vagina with his finger around October 1, 1991. When C.H. was thirteen, appellant penetrated her vagina with his penis. Appellant stopped sexual contact with C.H. when she reached fourteen years old.

K.H. testified that appellant started touching her breasts and genital area when she was ten years old. K.H. said that appellant did this about ten times and that the last time he touched her was Thanksgiving of 1996. Appellant admitted at trial that he was guilty of committing indecency with a child against his sister K.H.

signment.

## Discussion

■ In point of error one, appellant asserts that the trial court erred in admitting testimony of 520 extraneous offenses because that evidence violated Texas Code of Criminal Procedure article 38.37. On direct examination, C.H. testified that appellant had touched her at least once a week for ten years. This totaled 520 times. Appellant claims on appeal that this evidence of extraneous offenses exceeded the intended scope of article 38.37.

Article 38.37 of the Code of Criminal Procedure provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and child; and (2) the previous and subsequent relationship between the defendant and the child.

TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.1998). It is clear from the plain language of article 38.37 that C.H.'s testimony of other acts appellant committed against her was admissible to show the state of mind of appellant and C.H. and the previous and subsequent relationship between appellant and C.H. The purpose of article 38.37 is to make evidence of these types of extraneous acts admissible. Point of error one is overruled.

In point of error two and three, appellant claims that these extraneous acts were admitted in violation of Texas Rules of Evidence 401, 402, and 403. Rules 401 and 402 state that evidence which is not relevant is inadmissible. TEX.R. EVID. 401, 402. In *Ernst v. State,* the Austin Court of Appeals explained that evidence of extraneous sexual conduct explains how "a person in a position of authority, custody, or care of a young child has developed an unnatural attitude and relationship toward that child to explain the charged act-an act that would otherwise seem wholly illogical and implausible to the average juror."

*Ernst v. State,* 971 S.W.2d 698, 700 (Tex. App.—Austin, 1998, no pet.) (quoting *Johns v. State,* 155 Tex.Crim. 503, 236 S.W.2d 820, 823 (1951)). C.H.'s testimony concerning the extraneous acts against her were relevant to show the state of mind of appellant and C.H. and the previous and subsequent relationship between appellant and C.H. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37. Therefore, this evidence was relevant and did not violate rule 401 or 402.

■ Appellant further asserts that the probative value of this evidence was far outweighed by the prejudicial effect that it had on the jury. The first time testimony regarding these acts was elicited at trial, appellant made a timely Rule 403 objection which the court overruled. *TEX.R. EVID. 403;see* TEX.R.APP. P. 33.1; TEX.R. EVID. 103(a). When a defendant makes a Rule 403 objection, the court has a non-discretionary obligation to weigh the probative value of the evidence against the unfair prejudice of its admission. *See Montgomery v. State,* 810 S.W.2d 372, 389 (Tex.Crim.App.1990) (op. on reh'g). In overruling such an objection, the court is assumed to have applied a Rule 403 balancing test and determined the evidence was admissible. *See Yates v. State,* 941 S.W.2d 357, 367 (Tex.App.—Waco 1997, pet. ref'd); *Caballero v. State,* 919 S.W.2d 919, 922 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). Rule 403 does not require that the balancing test be performed on the record. *See Yates,* 941 S.W.2d at 367. Because appellant objected on specific grounds and the trial court overruled the objection, we assume that the trial court applied Rule 403 and determined that the probative value of the evidence was not substantially outweighed by any danger of unfair prejudice. *See id.*

■ Appellant contends that even if the court did conduct a Rule 403 analysis, it abused its discretion by admitting highly inflammatory evidence. We disagree. The trial court is given wide latitude to admit or exclude evidence of extraneous

offenses. *See Montgomery*, 810 S.W.2d at 390. We will not reverse a trial court's ruling if it is within the "zone of reasonable disagreement." *Id.* at 391. In balancing probative value and unfair prejudice under Rule 403, an appellate court presumes that the probative value will outweigh any prejudicial effect. *See Montgomery*, 810 S.W.2d at 389; *Blakeney v. State*, 911 S.W.2d 508, 515 (Tex.App.— Austin 1995, no pet.) It is therefore the objecting party's burden to show that the probative value is substantially outweighed by the danger of unfair prejudice.

In *Ernst v. State*, the court held, in a similar action where a defendant was charged with indecency with a child, that any prejudice resulting from that child's testimony regarding her father's extraneous sexual offenses was not significant enough to outweigh its probative force in showing his state of mind and the nature of their relationship—two purposes for which article 38.37 allows such evidence. 971 S.W.2d 698, 701 (Tex.App.—Austin, 1998, no pet.). In *Poole v. State*, the Austin Court of Appeals held that the prejudicial effect of testimony that the child victim was sexually assaulted over 750 times by her father during a four year period did not outweigh the probative value of that testimony. 974 S.W.2d 892, 898 (Tex. App.—Austin 1998, no pet.).

At trial, appellant objected to C.H.'s testimony about her brother's previous sexual offenses against her. This testimony was probative in establishing the states of mind of both C.H. and appellant. It tended to show that appellant had the necessary intent and ability to commit the offenses and to show that both girls were compelled to acquiesce. C.H.'s testimony was also a significant indicator of the nature of the relationship between the two before and after the incident. Because the evidence was probative in showing appellant's and C.H.'s states of mind and established the nature of their relationship, the trial court's decision to admit the evidence was within the "zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391.

We hold that the trial court did not abuse its discretion.

 Any error nevertheless would have been made harmless when evidence of the same acts was admitted later at trial without objection by appellant. *See Woolls v. State*, 665 S.W.2d 455, 470 (Tex. Crim.App.1983) (holding no reversible error in admission of testimony relating to extraneous offense where evidence of same acts properly admitted elsewhere at trial). Points of error two and three are overruled.

Accordingly, we affirm the judgment of the trial court.