# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

- - - - - - - - - - - - - -
## NO. 03-01-00265-CR
- - - - - - - - - - - - - -

**Brian A. Hough, Appellant**

**v.**

**The State of Texas, Appellee**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 4880, HONORABLE BEN WOODWARD, JUDGE PRESIDING**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A jury convicted Brian A. Hough of aggravated sexual assault of a child and assessed punishment at life in prison. He contends that the district court abused his discretion by admitting evidence of extraneous offenses and bad acts at both phases of trial, by not instructing the jury that it must find beyond a reasonable doubt that he committed the extraneous offenses and acts before considering them in assessing his punishment, and by excluding evidence favorable to him. We will affirm the judgment.

## BACKGROUND

Hough lived in Ballinger and Stamford with his wife, Lisa, and her daughters, M.W. and J.W. This case arises from M.W.=s accusations that Hough committed a series of escalating sexual offenses that began in Ballinger and continued in Stamford. At the time of the Ballinger offense at issue here, Hough was thirty-three years old and M.W. was thirteen.

Before trial, Hough requested notice of intent to introduce evidence of extraneous offenses under Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure articles 37.03 and 38.37. The State provided identical notices for both the guilt/innocence and punishment phases, notifying Hough that it intended to introduce evidence through Lisa Hough and M.W. regarding an aggravated sexual assault occurring between March 9, 1999 and June 13, 1999 in Jones County, Texas C the county in which Stamford is located.

At trial, the State offered not only M.W.=s testimony about events occurring in Stamford, but several photographs and testimony from Tracy Stansberry, best man at the Houghs= wedding. At guilt/innocence, the court admitted photos of M.W. in her underwear and nude and photos of Hough in a suit with his penis exposed. At punishment, the court admitted photos of Hough nude C alone, with Lisa partially clothed, and with J.W. naked and sitting on him C as well as photos of J.W. alone and naked. The State also elicited testimony in both phases of trial from Stansberry about photos that Hough e-mailed him of M.W. nude and of M.W. and Hough having sex; copies of these photos were not offered because Stansberry deleted them upon receiving them.

**DISCUSSION**

2

Hough=s four points of error all relate to the admission or exclusion of evidence.  He contends that the court erred by admitting evidence regarding extraneous offenses and bad acts at both phases of trial.  He contends that the court erred by failing to instruct the jury at the punishment phase that it must believe the evidence of extraneous offenses and bad acts beyond a reasonable doubt before considering them.  Finally, he contends that the court abused his discretion by excluding evidence favorable to him.

**Errors at the guilt/innocence phase.**

By his third point of error, Hough contends that the district court abused his discretion during the guilt/innocence phase by overruling Hough=s objections to the introduction of photos of him and M.W. and of Stansberry=s testimony regarding e-mail photos he received from Hough.  We review a court=s ruling on the admissibility of evidence for an abuse of discretion.  *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).  We will not reverse such a ruling so long as it falls Awithin the >zone of reasonable disagreement.=@ *Id*. at 102 (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g)).  Moreover, error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.  See Tex. R. Evid. 103(a).  Hough complains that the admission of nude photographs of M.W. violated notice requirements.  *See* Tex. Crim. Proc. Code Ann. art. 38.37 (West Supp. 2002); Tex. R. Evid. 404(b).  He also argues that the probative value of the evidence is far outweighed by the danger of unfair prejudice or misleading the jury.  *See* Tex. R. Evid. 403.

3

Hough is estopped from pursuing these complaints about the improper application of these rules of procedure and evidence at the guilt/innocence phase because he admitted his guilt at the punishment phase; though an admission of guilt at the punishment phase does not waive all errors committed at the guilt/innocence phase, it bars assertion of errors that do not involve due process or fundamental rights. *See Leday v. State*, 983 S.W.2d 713, 724-26 (Tex. Crim. App. 1998); *see also Gutierrez v. State*, 8 S.W.3d 739, 745 (Tex. App.CAustin 1999, no pet.). Hough does not complain that the admission of the photos or Stansberry=s testimony was illegal or violated any fundamental rights, only the rules of evidence. Because the truth-discovering purpose of the trial was vindicated by Hough=s confession of guilt without any infringement on his fundamental rights, he cannot complain of these procedural missteps in the guilt/innocence phase of trial. *See Leday*, 983 S.W.2d at 724-25; *Guerrero*, 8 S.W.3d at 745. We overrule point three as it relates to the guilt/innocence phase of trial. Because evidence admitted at guilt/innocence may also affect the jury=s deliberations on punishment, we will consider below whether the court erred by admitting this evidence and whether any errors were harmful. *See Reyes v. State*, 994 S.W.2d 151, 153 (Tex. Crim. App. 1999).

The same reasoning also disposes of point of error four. Hough contends that the district court erred by excluding evidence that, while he was in jail, M.W. or Lisa sent him a photo of M.W. sitting on a couch in what appear to be shorts and a tank top. Hough offered the photo at guilt/innocence and argues on appeal that the court should have admitted the evidence to impeach M.W. by showing her motive, bias, attitude, and feelings. He contends that the evidence would have blunted the State=s case that his relationship with M.W. was based on fear and coercion. The evidence was excluded after the district

**4**

court sustained the State=s objection to the evidence on grounds of relevance and hearsay. Hough has not shown that the district court=s exclusion of this evidence at guilt/innocence infringed upon a fundamental right. It does not bear on any of the elements of the offense. Indeed, he concedes in his appellate brief that the evidence Aprobably would not have affected the verdict on guilt or innocence . . . [but it] may have been beneficial in the punishment phase.@ There is no indication in the record, however, that Hough offered the evidence at the punishment phase. His admission of the offense estops him from complaining about the exclusion of this evidence at the guilt/innocence phase, and his failure to offer the evidence at punishment precludes him from complaining that the district court excluded it then. *See Leday*, 983 S.W.2d at 724-25; Tex. R. App. P. 33.1(a)(1)(A). We overrule point four.

**Errors at the punishment phase.**

At the punishment phase, the State may introduce evidence of any matter the court deems relevant to sentencing, including any extraneous bad acts. Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (West Supp. 2002).[1] Before considering errors Hough alleges occurred at the punishment phase, we will

---

[1] The statute reads in relevant part:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

consider the punishment-phase implications of Hough=s complaints under point three regarding the district court=s admission of evidence at the guilt/innocence phase.

Hough waived some of his complaints regarding evidence introduced at guilt/innocence by not making timely, sufficient objections. *See* Tex. R. App. P. 33.1(a)(1)(A). He did not object during trial that the State=s notice of intent to introduce evidence of extraneous offenses at guilt/innocence was insufficient. Nor did he object to the photos of himself in a suit with his penis exposed. His objection to the extraneous offenses Aon the basis of Rule 404(b)@ does not specify which aspect of the rule was violated and therefore did not preserve error. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (objection must be specific to preserve error); *Phelps v. State*, 999 S.W.2d 512, 518 (Tex. App.CEastland 1999, pet. ref=d).

---

Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (West Supp. 2002).

Hough argues that the photos of M.W. nude were not relevant to the indicted offense, that any probative value was greatly outweighed by the risk of unfair prejudice or confusion of issues. The district court overruled the objection, but instructed the jurors that they could consider the extraneous acts only if they believed beyond a reasonable doubt that the acts occurred, that they could consider that evidence only as it illustrated the parties= relationship or their states of mind, and that evidence of extraneous acts was not evidence that the indicted offense occurred. *See* Tex. Code Crim. Proc. Ann. art. 38.37, **'** 2 (West Supp. 2002).**[2]** In a case on charges of aggravated sexual assault of a child and indecency with a child, the Fourteenth Court of Appeals held that evidence of 520 other sexual assaults by the same assailant on the same victim were relevant to show the parties= relationship and states of mind. *Hinojosa v. State*, 995 S.W.2d 955, 957 (Tex. App.**C**Houston [14th Dist.] 1999, no pet.). The court also held that the relevance of this evidence was not greatly outweighed by the risk of unfair prejudice. *Id.* at 958; *see also Poole v. State*, 974 S.W.2d 892, 898 (Tex. App.**C**Austin 1998, pet. ref=d) (relevance of 750 sexual assaults not greatly outweighed by risk of unfair prejudice). Pictures of M.W. partially clothed and naked

---

**[2]** The statute provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

Tex. Code Crim. Proc. Ann. art. 38.37, **'** 2 (West Supp. 2002).

7

have some relevance at guilt/innocence regarding the parties=relationship; they are even more relevant to his character at punishment. Their prejudicial effect is small when compared to the offense of sexual assault, and minuscule compared to the hundreds of extraneous sexual assaults found not to be unfairly prejudicial by the courts in *Hinojosa* and *Poole*. *Hinojosa*, 995 S.W.2d at 958; *Poole*, 974 S.W.2d at 898. We find no abuse of discretion in their admission regarding punishment.

Hough also objected to Stansberry=s testimony on grounds that it concerned extraneous offenses. The district court overruled the objection at guilt/innocence, but gave a limiting instruction similar to that given regarding the photos of M.W. Stansberry=s testimony about photos of M.W. and Hough having sex and oral sex was relevant to the states of mind of the assailant and victim. The testimony added little new information. No photos were introduced, so the testimony was even less prejudicial than the photos in evidence. We find no abuse of discretion in the admission of this testimony. We overrule point of error three as it relates to the punishment phase.

By point of error one, appellant contends that the district court abused his discretion by failing to sustain his timely objection to the introduction during the punishment phase of evidence of extraneous offenses, bad acts, and inflammatory photographs of appellant and J.W., who was five at the time of the photographs. Hough also complains that the State did not provide the necessary notice of its intent to introduce evidence at the punishment phase regarding extraneous offenses. *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(g) (West Supp. 2002).

Hough waived some of these complaints by failing to object, but preserved others. Regarding the photos of J.W. alone naked, he objected Afor the reason that the testimony of the witness indicates that these matters are extraneous, they are photographs of a person other than [M.W.]. They are photographs which by her testimony were taken in Stamford, Texas, at a time removed from the time of the alleged offense in this case . . . .@ With regard to photos of Hough naked alone and with Lisa, Hough=s attorney stated, AThe same objection, Your Honor. These are extraneous and any probative value is substantially outweighed by the risk of unfair prejudice to the Defendant.@ With respect to the photo of J.W. and Hough, he objected to the authentication, the excessive risk of unfair prejudice, and that A[i]t is a matter that does not relate to [M.W.] or this subject matter of the charges against him in Runnels County, Texas. And it is exceedingly inflammatory and prejudicial.@ Hough contends that these objection informed the court that he was complaining that the notice of intent to offer evidence regarding sexual assaults of M.W. occurring in Jones County. We disagree, finding that Hough=s objections in each instance related to the extraneous nature of the photos and their prejudicial effect rather than lack of notice. We conclude that Hough cannot complain on appeal of a lack of notice of intent to introduce this evidence. *See* Tex. R. App. P. 33(a)(1)(A). Hough=s objections preserved his right to complain that the district court erroneously concluded that the risk of unfair prejudice from the evidence did not substantially outweigh its probative value. *See id.*; Tex. R. Evid. 403.

The photos of appellant nude and the photo of him nude with his wife topless were neither particularly relevant nor prejudicial. They may have had some relevance to his character, and there is

nothing extraordinarily inflammatory or prejudicial about consenting spouses taking photos of each other in stages of undress for private use.

The photos of the five- or six-year-old J.W. are both more prejudicial and probative. In *Nenno v. State*, a case in which the defendant murdered a seven-year-old girl after sexually assaulting her, the court of criminal appeals found no error in the admission of evidence of an encounter with another young girl in which the defendant pulled her broken bicycle into his garage, fixed the chain, then patted her Aon her >butt=@ making her Afeel mad and sad.@ *See Nenno v. State*, 970 S.W.2d 549, 564 (Tex. Crim. App. 1998). The court rejected Nenno=s Rule 403-based objection, holding that Athe >inflammatory= nature of the evidence is that it tended to show that appellant was a child molester. Showing appellant to be a child molester was a perfectly legitimate purpose, and hence, while the evidence was >prejudicial,= it was not unfairly so.@ *Id.*; *see also* Tex. R. Evid. 403. Here, the State likely introduced the photos of J.W. to imply that Hough=s sexual interest in young girls extended beyond M.W.[3] The problem for Hough is that the probative nature of the photos of J.W. correlates directly to their prejudicial value. If the jury finds the photos illustrate a penchant for child molestation, then the photos are prejudicial, but in a way that is deemed fair at the punishment phase; if the jury finds the photos inoffensive and not indicative of a character flaw, then the photos are not unfairly prejudicial. Either way, the risk of unfair prejudice does not substantially outweigh the probative value. *See* Tex. R. Evid. 403.

---

[3] There is no direct testimony that Hough took the pictures of J.W. Lisa, through whom the photos were offered, testified only that he took photos and that she did not take these photos.

The photo of J.W. and Hough nude is the most potentially inflammatory and prejudicial. In it, Hough is naked, reclining on a bed with his knees bent and his legs spread. J.W. is sitting on or above his lower abdomen or groin with her arms stretched out to her sides, holding onto Hough=s hands. Although his scrotum and the base of his penis are clearly visible underneath her and between her legs, the rest of his penis is hidden by J.W.=s right thigh. Hough asserted at trial that his penis was Anot even close@ to being inside J.W.=s sexual organ, but the copy of the photo in the appellate record is much less definitive. It doubtless was extremely prejudicial to his defense, but we cannot conclude that it was not also probative of his character. *See Nenno*, 970 S.W.2d at 564. Nor can we can conclude that the district court abused his discretion by concluding that the risk of unfair prejudice did not substantially outweigh its probative value concerning his character. We overrule point of error one.

By point of error two, Hough contends that the district court erred by failing to instruct the jury at the punishment phase that, before considering the extraneous offenses and bad acts as part of its deliberations, it must find beyond a reasonable doubt that the defendant committed the offenses or acts. Hough concedes that he neither requested such an instruction nor objected to its absence from the punishment charge. The State concedes that the district court nevertheless was required to give the instruction and erred by failing to do so. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Because Hough did not object to the absence of the instruction at trial, we will reverse only if the error is so egregious and created such harm as to deny him a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g). We assay the degree of harm Ain light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.@ *Id.*

We conclude that the absence of an instruction did not cause egregious harm because of the weight of the evidence that Hough committed the extraneous offenses and bad acts. On cross-examination at punishment, Hough admitted to having sex with M.W. on numerous occasions. He also admitted to photographing M.W. topless, having sex with him, and performing oral sex on him; he admitted e-mailing those photos to Stansberry. He admitted being photographed with J.W. while both were naked. He admitted to asking Lisa and M.W. to lie for him or not testify against him in court. These admissions confirm beyond a reasonable doubt that he committed the bad acts that Lisa and Stansberry collectively asserted in their testimony at punishment that he committed. The failure to instruct the jury on the standard of proof neither compelled him to admit these actions nor caused the jury to consider actions he did not commit when determining punishment. We find no harm, much less egregious harm, from the district court=s failure to give this instruction. Taking into account the rest of the trial does not alter this result. We overrule point two.

**CONCLUSION**

Having overruled all four points of error, we affirm the judgment.

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

**13**

Affirmed

Filed:   May 23, 2002

Do Not Publish