NUMBER
13-99-401-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

HAROLD
HIGGINS,                                                             Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                       Appellee.

 

 

       On appeal from the 184th District
Court of Harris County, Texas.

 

 

                          MEMORANDUM OPINION

 

                 Before Justices Hinojosa,
Yañez, and McCormick[1]

                                   Opinion by
Justice Yañez

 








A jury convicted
appellant, Harold Higgins a/k/a Harold Leon Sparks, of aggravated sexual
assault of a child[2]
and assessed his punishment at ten years community supervision.  By three issues, appellant contends: (1) the
trial court erred in admitting and considering evidence of extraneous offenses
against persons other than the victim; and (2) the evidence is legally and
factually insufficient to establish that the victim was not his spouse.  We affirm.

As this is a memorandum
opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here.  See
Tex. R. App. P. 47.1.  

A
trial judge=s admission of
extraneous offense evidence is reviewed for abuse of discretion.  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001); Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim.
App. 1998) (op. on reh=g); Perry v. State, 933
S.W.2d 249, 253 (Tex. App.BCorpus Christi 1996,
pet. ref=d).   If the trial court=s decision to admit the
evidence was correct on any theory of law applicable to the case, it will be
sustained.  Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Hernandez v. State, 900 S.W.2d
835, 838 (Tex. App.BCorpus Christi 1995, no
pet.).  

Appellant complains of
the extraneous offense evidence offered by two witnesses:  (1) his daughter, Carolyn Ann Lockridge, and
(2) his stepdaughter, Shantina Lister.[3]  Appellant argues that the testimony of
Carolyn Ann and Shantina violated rules 402, 403, and 404(b) of the Texas Rules
of Evidence.  See Tex. R. Evid. 402, 403, 404(b).  We conclude the trial court did not abuse its
discretion in admitting the evidence.

Rule 404(b) states as
follows:








Evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith.  It may, however,
be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident,
provided that upon timely request by the accused in a criminal case, reasonable
notice is given in advance of trial of intent to introduce in the State=s case-in-chief such
evidence other than that arising in the same transaction. 

 

Tex. R. Evid. 404(b). 

If extraneous offense evidence is not relevant except to show character
conformity, it is inadmissible under rule 404(b).  Id.; Powell, 63 S.W.3d at 438;
Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1991)(op. on
reh=g); Perry, 933
S.W.2d at 253.  However, extraneous
offense evidence may be admissible when it is relevant to a noncharacter
conformity fact of consequence in the case, such as rebutting a defensive
theory.  Powell, 63 S.W.3d at 438;
Montgomery, 810 S.W.2d at 387-88.  








Relevant evidence is
admissible unless the probative value is substantially outweighed by the danger
of unfair prejudice to the defendant.  See
Tex. R. Evid. 403; Montgomery,
810 S.W.2d at 389.  Factors to be
considered in determining whether the testimony's probativeness was outweighed
by the potential for unfair prejudice include (1) the testimony's inherent
probative value, (2) its potential to impress the jury in some irrational but
indelible way, (3) the amount of trial time the proponent needs to develop such
testimony, and (4) the proponent's need for the testimony.  See Wheeler v. State, 67 S.W.3d 879,
888 (Tex. Crim. App. 2002) (citing Lane v. State, 933 S.W.2d 504, 520
(Tex. Crim. App. 1996)); Montgomery, 810 S.W.2d at 389-90.  There is a presumption that relevant evidence
is more probative than prejudicial. Santellan v. State, 939 S.W.2d 155,
169 (Tex. Crim. App. 1997).  The party
objecting to the evidence bears the burden of showing that the probative value
of the evidence is substantially outweighed by the danger of unfair
prejudice.  Hinojosa v. State, 995
S.W.2d 955,  958 (Tex. App.BHouston [14th Dist.]
1999, no pet.).  In overruling a
defendant=s rule 403 objection,
the court is assumed to have applied a rule 403 balancing test and determined
the evidence was admissible.  Id.
at  957. 
Rule 403 does not require that the balancing test be performed on the
record.  Id. 

In the present case, the
State initially urged the court to consider admission of the extraneous offense
evidence following presentation of the State=s case-in-chief. 
A hearing was held outside the presence of the jury, and the trial court
denied the State=s request, noting that
it would reconsider admissibility on rebuttal. 
Thereafter, Charlene Sparks, appellant=s niece, testified for the defense.  Sparks testified that prior to appellant=s arrest in the instant
case, she overheard a conversation between Carolyn Ann and Lillie Lockridge,
the mother of Carolyn Ann and C.M.L., in which they discussed Asetting up@ appellant.  Sparks testified that C.M.L. was present when
the conversation occurred. 

After the defense
rested, the State urged the trial court to reconsider admission of the
extraneous offense evidence.  Following a
hearing, the trial court found the extraneous offenses Amuch more probative than
they were at the conclusion of the State=s case@ and allowed admission
of the evidence.  Thereafter, Carolyn Ann
testified that when she was thirteen years old, appellant had sex with
her.  Shantina Lister testified that when
she was eight years old, appellant fondled her breasts and vagina and kissed
her vagina.  She also testified that
appellant had intercourse with her on at least four occasions when she was
eight and nine years old.  








Appellant=s defensive theory was
essentially that Lillie Lockridge and Carolyn Ann were angry with him for his
failure to visit Carolyn Ann when she was in prison, and  that in retaliation, they encouraged C.M.L.
to fabricate the allegations against him. 
The testimony by Carolyn Ann and Shantina served to rebut appellant=s Aframe-up@ theory by showing he
had engaged in prior similar misconduct in circumstances where no retaliation
motive appeared to be present.  We
conclude that the extraneous offense evidence was relevant to rebutting
appellant=s fabrication
theory.  See Wheeler, 67 S.W.3d at
887 n.22 (extraneous offense evidence of similar misconduct may be admissible
to rebut defense in child sexual assault case that defendant is innocent victim
of a Aframe-up@ by the complainant or
others).

Having determined that
the trial court correctly admitted the extraneous offense evidence under rule
404(b), we next consider whether the evidence should have been excluded under
rule 403 because of its unfairly prejudicial nature.  








Here, appellant denied
sexually assaulting C.M.L.  Three of his
daughters testified that they were in the house playing with appellant and
C.M.L. the day the assault occurred and did not see any sexual misconduct by
appellant.  Appellant=s defensive theory was
that C.M.L., Lillie Lockridge, and Carolyn Ann had fabricated the allegations
against him.  The extraneous offense
testimony was thus needed by the State to rebut appellant=s defensive theory.  In addition, the evidence that appellant had
on prior occasions sexually assaulted his daughter and stepdaughter when they
were approximately the same age as C.M.L. made it more probable that he had the
intent and motive to sexually assault C.M.L. 
We conclude the probative value of the evidence was not substantially
outweighed by the danger of unfair prejudice. 
See Tex. R. Evid.
403.  We hold the trial court did
not abuse its discretion in admitting the extraneous offense evidence.  We overrule appellant=s first issue.  

In his second and third
issues, appellant contends the evidence is legally and factually insufficient
to establish that C.M.L. was not his spouse. 

When we review the legal
sufficiency of the evidence, we view all the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318-19 (1979); Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim.
App. 2001).  The standard is the same for
cases based on both direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995); Escobar v. State, 28 S.W.3d 767, 773 (Tex. App.BCorpus Christi 2000,
pet. ref=d).    

In contrast, in
determining the factual sufficiency of the elements of the offense, we view all
the evidence in a neutral light, favoring neither party.  Johnson v. State, 23 S.W.3d 1, 6-7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Evidence is factually
insufficient if is so weak as to be clearly wrong and manifestly unjust or the
adverse finding is against the great weight and preponderance of the available
evidence.  Johnson, 23 S.W.3d at
11.  These standards for review apply
equally to direct and circumstantial evidence cases.  Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999).    








Here, the indictment
alleged that appellant, on or about March 29, 1997, unlawfully, intentionally
and knowingly caused the female sexual organ of C.M.L., a person younger than
fourteen years of age and not the spouse of the defendant, to contact the mouth
of the defendant.  See Tex. Pen. Code Ann. '
22.021(a)(1)(B)(iii) (Vernon Supp. 2002).  Appellant argues that:

To the extent that the
present tense assertions that Appellant and [C.M.L.] were not married on either
06 April 1999 and 07 April 1999 fail to prove that they were not married on or
about 29 March 1997, the evidence is both legally and factually insufficient
to prove that Carolyn Ann Lockridge was Anot the spouse of the
defendant.@ (emphasis in original)

 

We construe appellant=s argument to be that
although appellant and C.M.L. testified that they were not married at the
time of trial, the State failed to establish they were not married at the
time the offense occurred.[4]  We find appellant=s arguments to be
without merit.   

Appellant testified as
to the names of all the women he had been married to and the approximate dates
and duration of each marriage.  Appellant
did not assert that he was ever married to C.M.L.  We hold that the evidence is legally and
factually sufficient to establish that C.M.L. was not appellant=s spouse and overrule
his second and third issues. 

The judgment of the
trial court is AFFIRMED.   

 

 

                                                               
                                                         

LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

Opinion delivered and filed this the

20th day of June, 2002.

 











[1]Retired Justice Michael J.
McCormick assigned to this Court by the Chief Justice of the Supreme Court of
Texas pursuant to Tex. Gov=t
Code Ann. ' ' 74.003 and 75.002 (Vernon
1998).





[2]See Tex.
Pen. Code Ann. ' 22.021 (Vernon Supp.
2002).  At the time of the offense, on or
about March 29, 1997, the victim, C.M.L., was ten years old.   





[3]At the time of trial,
Carolyn Ann Lockridge was twenty-nine years old and Shantina Lister was
twenty-four.  Carolyn Ann Lockridge=s mother is also the mother
of the victim, C.M.L.; thus, Carolyn Ann is C.M.L.=s half-sister.   





[4]Thus, we assume that
appellant=s assertion that the
evidence is legally and factually insufficient to prove that Carolyn Ann
Lockridge was not the spouse of the defendant is in error, and that he
intended to challenge the legal and factual sufficiency of the evidence that C.M.L.
was not his spouse at the time of the offense.