

**NUMBER 13-07-429-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARCUS PADILLA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 25th District Court of Gonzales County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

A jury found appellant, Marcus Padilla, not guilty of aggravated kidnapping and guilty of aggravated robbery.[1]  Appellant pleaded "true" to both enhancement paragraphs in the indictment, subjecting him to a term of not more than ninety-nine years, or less than twenty-five years' incarceration.[2]  The trial court assessed punishment at twenty-five years'

---

[1] Tex. Penal Code Ann. § 29.03 (Vernon 2003).

[2] *Id.*

imprisonment.  By two issues relating to the admission of evidence, appellant challenges his conviction.  We affirm.

## Background[3]

Appellant went on trial for the kidnapping and aggravated robbery of Jing Mei Lu. Before opening statements were made and outside the presence of the jury, the trial court considered appellant's motions in limine.  The motions sought to bar Lu from testifying that appellant, during the incident in question, told her that he had been up for the last four days using drugs.  The State argued that appellant's statements to Lu in the midst of a kidnapping and robbery were part of one contextual incident and necessary for the jury to understand the victim's fear of appellant.  Appellant argued that the only reason the State wanted that testimony admitted was to prejudice and bias the jury against him for using drugs.  The trial court denied appellant's motions in limine.

During the trial, appellant objected under Texas Rules of Evidence 403 and 404(b) to Lu's testimony addressing appellant's aforementioned statements.  The trial court overruled this objection and allowed her testimony into evidence.  Appellant's request that Lu's testimony be accompanied by a limiting instruction was also denied.

## Standard of Review

We review a trial court's admission or exclusion of evidence under an abuse of discretion standard.[4]  Wide discretion is afforded to the trial court, and the court's decision

---

[3] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

[4] *See Salazar v. State,* 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).

2

will not be reversed unless a clear abuse of discretion is shown.[5] An abuse of discretion occurs when the trial court acts arbitrarily, unreasonably or without reference to guiding rules or principles.[6]

## Analysis

### Admission of Extraneous-Offense Evidence

In his first point of error, appellant contends that the trial court abused its discretion by admitting evidence of an extraneous offense under Texas Rule of Evidence 404(b). Specifically, appellant argues that the trial court should have excluded Lu's testimony concerning his drug use because it was not relevant and unfairly prejudicial. A trial court's ruling on the admissibility of extraneous-offense evidence must be upheld so long as it is "within the zone of reasonable disagreement."[7]

### *404(b) Analysis*

Evidence of other crimes, wrongs, or bad acts is not admissible if offered to prove the character of a person in order to show action in conformity therewith.[8] Whether extraneous offense evidence is relevant apart from character conformity, as required by rule 404(b), is a question for the trial court.[9] Rule 404(b) lists exceptions, which allow the admission of extraneous offense evidence in order to show proof of motive, opportunity,

---

[5] *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003).

[6] *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).

[7] *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (opinion on rehearing).

[8] TEX. R. EVID. 404(b).

[9] *Id.; Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005).

intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[10] Additionally, extraneous offense evidence may be admissible when it is relevant to a noncharacter conformity fact of consequence in the case, such as rebutting a defensive theory.[11]

We find that the trial court's determination that the drug-use testimony was relevant lies within the zone of reasonable disagreement.[12] The testimony was relevant to show the victim's state of mind, which is a fact of consequence in this case. A victim's state of mind can be relevant to rebut a defensive theory and explain the context in which a victim acted.[13] During appellant's opening statement and cross-examination of Lu, appellant suggested that Lu was not kidnapped or robbed, but acted voluntarily because she was not physically restrained and did not flee when possible opportunities arose. In order for the State to disprove this theory, it needed to present evidence of Lu's state of mind. It was necessary for the State to elicit Lu's testimony that she feared for her life and felt forced to comply with appellant's demands because his drug use made him seem unstable and violent. We thus affirm the trial court's determination that the evidence was relevant and hold that the admission of Lu's testimony was not an abuse of discretion.

*403 Analysis*

---

[10] *See* TEX. R. EVID. 404(b); *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997).

[11] *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Montgomery*, 810 S.W.2d at 387-88.

[12] *See Montgomery*, 810 S.W.2d at 391.

[13]*See Tate v. State*, 981 S.W.2d 189, 193 (Tex. Crim. App. 1998) (holding that victim's testimony—that victim had previously threatened defendant—was admissible because it shed light on the victim's state of mind on the night of the murder); *see also United States v. Williams*, 343 F.3d 423, 434-36 (5th Cir. 2003) (holding that admission of victim's knowledge about defendant's extraneous offenses was relevant because it showed victim's state of mind and helped the government dispel defendant's defense).

Having determined that the trial court correctly admitted the extraneous offense evidence under rule 404(b), we next consider whether the evidence should have been excluded under rule 403 because, as argued by appellant, it was unfairly prejudicial.

Relevant evidence is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice to the defendant.[14] Factors to be considered in determining whether the testimony's probativeness was outweighed by the potential for unfair prejudice include (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable, (2) its potential to impress the jury in some irrational but indelible way, (3) the amount of trial time the proponent needs to develop such testimony, and (4) the proponent's need for the testimony.[15] There is a presumption that relevant evidence is more probative than prejudicial.[16] The party objecting to the evidence bears the burden of showing that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.[17] In overruling a defendant's rule 403 objection, the court is assumed to have applied a rule 403 balancing test and determined the evidence was admissible.[18] Rule 403 does not require that the balancing test be performed on the record.[19]

In applying the aforementioned factors to the complained-of testimony, we first find

---

[14] *See* TEX. R. EVID. 403; *Montgomery*, 810 S.W.2d at 389.

[15] *See Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996)).

[16] *See Santellan*, 939 S.W.2d at 169.

[17] *Hinojosa v. State*, 995 S.W.2d 955, 958 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

[18] *Id.* at 957.

[19] *Id.*

that the extraneous offense evidence made facts of consequence more or less probable. The evidence that appellant took drugs four consecutive days prior to the offense makes the fact of consequence that appellant committed aggravated robbery more probable by providing a possible motive.[20] It also explained Lu's fearful state of mind, the context in which she acted, and provided evidence to rebut the defensive theory that Lu willingly consented to appellant's demands.

Second, we find that Lu's testimony was unlikely to irrationally affect the jury. Her testimony about appellant's drug use was brief and was not particularly descriptive. The impression that the testimony could have had on the jury would have been minimal considering the abundance of evidence presented that was unrelated to appellant's drug use.

The third factor weighs in favor of the State. The time spent developing the testimony about appellant's drug use was very brief. Lu's testimony about appellant's drug use was only a fraction of her entire testimony, and it was not mentioned or alluded to by any of the other witnesses.

Finally, the State's need for the testimony outweighed any potential prejudice faced by appellant. Evidence of his drug use was essential to the State's case because it provided the jury with a possible motive for his actions and explained the fear under which Lu acted, effectively rebutting the defensive theory that Lu willingly consented to appellant's demands.

Because all four factors weigh in favor of the State, the probative value of the

---

[20] *See Robbins v. State*, 88 S.W.3d 256, 259-62 (Tex. Crim. App. 2002).

extraneous evidence is not substantially outweighed by the dangers of unfair prejudice.[21] Accordingly, the trial court did not abuse its discretion in admitting the complained-of testimony. Appellant's first issue is overruled.

<u>Limiting Instruction</u>

In his second point of error, appellant asserts that the trial court erred in denying his request for a limiting instruction to establish that the evidence of his drug use was not evidence of guilt for the offenses for which he was indicted. The Texas Court of Criminal Appeals, however, has held that a limiting instruction is not necessary where the extraneous offenses are so dissimilar to the charged offense that the jury cannot mistakenly draw a connection between the charged offense and the extraneous offenses.[22] Because taking drugs is significantly different from kidnapping and robbery, we find that the trial court was not required to provide a limiting instruction. Therefore, we hold the trial court did not err in denying appellant's request for a limiting instruction. Appellant's second issue is overruled.

**Conclusion**

We affirm the judgment of the trial court.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 21st day of August, 2008.

---

[21] *See Salazar*, 38 S.W.3d at 151.

[22] *Abdnor v. State,* 871 S.W.2d 726, 738 (Tex. Crim. App. 1994).