02-11-329-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00329-CR

 

 


 
 
 Leonardo Oviedo
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Leonardo Oviedo appeals his conviction for intentionally or knowingly causing
bodily injury to an elderly person.[2] 
In one point, he argues that the trial court erred by overruling his Texas Rule
of Evidence 403 objection to State’s Exhibit 1, which contained recordings of
911 calls made by eye witnesses to appellant’s crime.  We affirm.

Background
Facts

          On
New Year’s Eve 2010, appellant, his sister Diana, his mother, and his elderly
father attended a party hosted by Gerado Perez.  Appellant had been drinking
alcohol that night.  According to Diana, when appellant arrived at the party, she
told him not to “start problems.”

          After
midnight, appellant, who is a member of the Varrio Centro gang, and several
other people got into an argument outside of the party hall.  Appellant removed
his shirt and displayed gang signs with his hands, instigating a fight.  Diana
and appellant’s father attempted to extricate appellant from the tumult, but he
refused.  Appellant threw Diana to the ground multiple times as he continued to
participate in the fight.  Appellant also hit his father, the victim, in the
face, knocking him to the ground.  Appellant’s father temporarily lost
consciousness and suffered a broken arm; he eventually received treatment at a
hospital.[3]

          When
appellant initiated the fight, Diana called 911 to seek assistance.  In the
background of the recording of Diana’s 911 call, appellant can be heard saying,
“Me and you, one-on-one,” and attempting to continue fighting.[4] 
Diana can also be heard imploring appellant to leave the fight and to get in her
car.  Perez called 911 to report the fight as well.  He said that a man had
been injured and was lying on the pavement.  The police arrived, removed
appellant from Diana’s car, determined that he was intoxicated, and arrested
him.

          In
a two-count indictment, a grand jury indicted appellant, respectively, for
intentionally or knowingly causing bodily injury to an elderly person and for
recklessly causing bodily injury to an elderly person.  Appellant pled not guilty
to both counts.  Each side presented witnesses, and the State played the
recorded 911 calls for the jury.  The jury found appellant guilty of
intentionally or knowingly causing bodily injury to an elderly person, and as
instructed in the jury charge, the jury did not therefore consider whether he
was guilty of recklessly causing bodily injury to an elderly person.  The trial
court assessed appellant’s punishment at six years’ confinement.  Appellant
brought this appeal.

The Admission
of the 911 Calls

In
his sole point, appellant asserts that the trial court erred by admitting the
911 calls over his objection because their probative value was substantially outweighed
by the danger of unfair prejudice under rule of evidence 403.[5]

Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  In reviewing
a trial court’s balancing of the probative value and potential for unfair prejudice
under rule 403, we reverse only upon a clear abuse of discretion.  Rachal v.
State, 917 S.W.2d 799, 808 (Tex. Crim. App.), cert. denied, 519 U.S.
1043 (1996); Price v. State, 351 S.W.3d 148, 150, 153–54 (Tex. App.—Fort
Worth 2011, pet. ref’d).  The balance is slanted toward admission, not
exclusion, of otherwise relevant evidence.  De La Paz v. State, 279
S.W.3d 336, 343 (Tex. Crim. App. 2009); Price, 351 S.W.3d at 153
(stating that the rules of evidence carry a presumption that relevant evidence
is more probative than prejudicial).  As long as the trial court’s ruling admitting
evidence is within the “zone of reasonable disagreement,” there is no abuse of
discretion, and the trial court’s ruling will be upheld.[6]  Price, 351
S.W.3d at 150.

The
word “may” in Rule 403 confers substantial discretion on the trial court.  Powell
v. State, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006); Conner v. State,
67 S.W.3d 192, 202 (Tex. Crim. App. 2001) (“Rule 403 requires exclusion of
evidence only when there exists a clear disparity between the degree of prejudice
of the offered evidence and its probative value.”).  Therefore, it is the
objecting party’s burden to demonstrate that the probative value is
substantially outweighed by the danger of unfair prejudice.  Sanders v.
State, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref’d) (citing Hinojosa
v. State, 995 S.W.2d 955, 958 (Tex. App.—Houston [14th Dist.] 1999, no
pet.)).  In balancing the probative value against potential prejudice, the
court considers how compellingly the evidence serves to make a fact of consequence
more or less probable and the potential for the evidence to impress the jury in
an irrational but nevertheless indelible way.  Powell, 189 S.W.3d at 287.

          In
Estrada v. State, a capital murder case, the court of criminal appeals
held that the prejudice of a recording of a 911 call did not outweigh its
probative value because the recording provided a framework within which the
particulars of the State’s evidence could be developed.  313 S.W.3d 274, 300
(Tex. Crim. App. 2010), cert. denied, 131 S. Ct. 905 (2011).  Estrada
had been charged with the capital murder of a seventeen-year-old girl.  Id.
at 279.  The 911 call recorded the reaction of the victim’s family upon finding
her lifeless body.  Id. at 300.  On appeal, Estrada argued that the
recording was “charged with emotion” and “grossly prejudicial and inflammatory”
because the family members could be heard screaming and weeping.  Id.  The
court of criminal appeals concluded that although the recording did not
establish any material fact not otherwise proven within the State’s case, it
did establish a framework in which the State’s evidence could be developed, and
it was therefore admissible.  Id.; see Munoz v. State, 932 S.W.2d
242, 244 (Tex. App.—Texarkana 1996, no pet.) (holding that a 911 call was
admissible because it provided a framework within which the State’s evidence
could be developed); see also Yi v. State, No. 01-05-01147-CR, 2007 WL
2052064, at *4 (Tex. App.—Houston [1st Dist.] July 19, 2007, no pet.) (mem.
op., not designated for publication) (“911 tapes are generally admissible, even
if not necessary to establish a material fact, because they provide a framework
within which the State’s evidence may be developed.”).  The 911 recording in
this case provided a framework in which the State’s evidence could be developed
because it substantiated Diana’s testimony that she attempted to persuade
appellant to stop fighting and because it weakened appellant’s testimony that he
did not want to fight.  See Estrada, 313 S.W.3d at 300.

          Furthermore,
in Sierra v. State, we held that a 911 call made by a robbery victim was
not unduly prejudicial.  157 S.W.3d 52, 63 (Tex. App.—Fort Worth 2004) (op. on
reh’g), aff’d, 218 S.W.3d 85 (Tex. Crim. App. 2007).  In that
case, Sierra had participated in the robbery of a clothing store in which two
people were shot.  Id. at 57.  A store employee called 911, and although
the voices on the recording were excited and distraught, we held that this
would not cause the jurors to act on emotion rather than evidence.  Id.
at 63; see also Anderson v. State, 15 S.W.3d 177, 186 (Tex.
App.—Texarkana 2000, no pet.) (holding that a 911 recording of a husband
reporting his wife’s murder would not cause the jury to “act on any basis other
than consideration of the evidence presented to them”).

          In
applying the rule 403 balancing factors, we must consider whether the 911 calls
serve to compellingly show appellant’s guilt in committing the charged
offense.  See Brooks v. State, 833 S.W.2d 302, 304 (Tex. App.—Fort Worth
1992, pet. ref’d) (holding that the probative value of a 911 call from a sexual
assault victim outweighed the potential for unfair prejudice in that it
established the victim’s state of mind as a relevant reason as to why she could
not identify her attacker).  To convict appellant of count one of his
indictment, the jury was required to find that he intentionally or knowingly
caused bodily injury to his father.  See Tex. Penal Code Ann. §
22.04(a).  One of the 911 calls at issue indicates that appellant, contrary to
his testimony, wanted to remain in the fight, and it therefore supports a
theory that he hit his father because his father was trying to get him to stop
fighting, rather than to merely get his father out of the way.  That 911
recording demonstrates that appellant was shouting, “Me and you, one-on-one”
and ignoring his sister’s pleas to get away from the fight.[7]

          Next,
we consider the potential for the 911 calls to impress the jury in an
irrational way.  See Powell, 189 S.W.3d at 287.  Although one of the 911
recordings is prejudicial, it is not unfairly so.  Diana can be heard shouting
at appellant to stop fighting and attempting, several times, to tell the location
of the disturbance to the 911 operator.  Perez can be heard telling the 911
operator that an old man has been injured and needs an ambulance.  We conclude
that neither of these calls would likely cause a jury to vote based on emotion
rather than the evidence, especially considering that Diana, Perez, and
appellant’s father all testified against appellant about the same events heard
in the recordings.

          Because
the 911 recordings provided a framework for the State’s case and had probative
value that was not substantially outweighed by the danger of unfair prejudice,
we conclude that the trial court did not abuse its discretion by admitting the
911 recordings, and we overrule appellant’s sole point.[8]  See
Rachal, 917 S.W.2d at 808; see also Garcia v. State, 201 S.W.3d 695,
704 (Tex. Crim. App. 2006) (“[W]hen determining whether evidence is admissible
under Rule 403, we do not consider just whether the evidence is more
prejudicial than probative, we consider whether the probative value is substantially
outweighed by the danger of unfair prejudice.”), cert. denied,
549 U.S. 1224 (2007).

Conclusion

          Having
overruled appellant’s point, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; MCCOY and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 13,
2012






 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00329-CR

 


 
 
 Leonardo
 Oviedo
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 2
  
 of
 Tarrant County (1246725R)
  
 September
 13, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER
CURIAM

 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 22.04(a), (c)(2), (f) (West Supp. 2012).





[3]Appellant testified to a
different version of the facts.  He said that after he had tried to speak with
a girl at the party, someone became offended, and a group of people “jumped”
him although he did not want to fight.  Appellant stated, “I pushed my dad out
of the way . . . .  And when I looked back, I [saw] my dad on the floor. . . . 
[I] wasn’t trying to hurt him.  I was just trying to get him out of the way.” 
Appellant denied punching his father.





[4]In her testimony, Diana
identified appellant’s voice as the one stating, “Me and you, one-on-one.”





[5]Appellant challenges the
general admissibility of State’s Exhibit 1, which contained two 911 calls, but
appellant does not separately analyze the admissibility of each call.  We will
consider the admissibility of the calls collectively.





[6]The trial court is not
required to perform the balancing test on the record, and when the record is
silent, we presume that the trial court performed the appropriate balancing test. 
Williams v. State, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997).





[7]Appellant appears to
concede that the 911 calls had significant probative value.  In his brief, he
states that the “jury need not have listened to any other witness, nor believed
any other witness, to convict” him based on the calls.





[8]Appellant appears to also contend
that the 911 calls should have been excluded because they violated his right of
confrontation and were hearsay.  At trial, however, appellant did not object to
the admission of the calls on those grounds.  Therefore, we hold that he
forfeited those arguments.  See Tex. R. App. P. 33.1(a)(1); Lozano v.
State, 359 S.W.3d 790, 823 (Tex. App.—Fort Worth 2012, pet. ref’d); Ricketts
v. State, 89 S.W.3d 312, 319 n.1 (Tex. App.—Fort Worth 2002, pets. ref’d).