John MATTHEWS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–96–00277–CR.

Court of Appeals of Texas,
Eastland.

Oct. 15, 1998.

Clifton L. Holmes, Longview, for appellant.

Jack Skeen, Jr., Crim. Dist. Atty., Tyler, for appellee.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.[1]

## OPINION

WRIGHT, Justice.

The jury convicted John Matthews of recklessly causing serious bodily injury to a child and assessed his punishment at confinement for six and one-half years. We affirm.

■ Appellant has briefed six points of error. He does not challenge the sufficiency of the evidence. In the first two points, appellant contends that the trial court erred in failing to quash the venire panel. Appellant asserts that the State's peremptory challenges during voir dire were racially motivated. The use of peremptory challenges to strike potential jurors on the basis of race is prohibited. TEX. CODE CRIM. PRO. ANN. art. 35.261 (Vernon 1989); *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Once a defendant establishes a prima facie case of discriminatory use of peremptory challenges, the burden shifts to the State to provide racially-neutral reasons for striking each potential juror. The defendant then has the burden to show that the State's reasons are a pretext for discrimination. *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); *Pondexter v. State*, 942 S.W.2d 577 (Tex.Cr. App.1996), cert. den'd, 510 U.S. 1215, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997). The trial court must consider the evidence and decide whether the defendant established purposeful discrimination. We must review the record, including the voir dire, the racial make-up of the venire, the prosecutor's neutral explanations, and the defendant's rebuttal and impeaching evidence, in the light most favorable to the trial court's ruling; and we will not disturb the trial court's *Batson* ruling unless it is clearly erroneous. *Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991); *Adanandus v. State*, 866 S.W.2d 210 (Tex.Cr.App.1993), cert. den'd, 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994); *Vargas v. State*, 838 S.W.2d 552 (Tex.Cr.App.1992).

The record shows that the State struck five of the eight black veniremembers that remained within range after challenges for cause. The State offered race-neutral explanations for its peremptory strikes. Veniremembers Nos. 20 and 28 had received a score of "minus three" in an evaluation of the handwriting on their juror information cards. These cards did not reveal the race of the potential jurors, and the profiler who evaluated the cards testified that she did not know the race of the potential jurors at the time she reviewed and evaluated the cards. The State struck all but two of the veniremembers who had received three strikes. These two veniremembers, one white and one black, rehabilitated themselves by their answers during voir dire. Veniremember No. 24 was struck because he went to church with and lived near appellant's mother and because he had known "the son" when he was younger. Veniremember No. 38 was struck because she fell asleep during voir dire and because she would not nod her head when asked to give a commitment to follow the law. Veniremember No. 39 was struck because she did not respond to the State's question asking whether the panelists had relatives or friends with an arrest or criminal record. Someone having the same last name and living at the same residence as Veniremember No. 39 had a criminal history involving six separate offenses.

Appellant argued in rebuttal that the State's race-neutral explanations were a pretext for discrimination. Appellant's arguments included an attack on the evaluations

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

performed by the profiler and an assertion that the State did not strike a white venire-member who worked with appellant's father.

Upon reviewing the record in the light most favorable to the trial court's ruling, we hold that the ruling was not clearly erroneous. See *Yarborough v. State*, 947 S.W.2d 892 (Tex.Cr.App.1997); *Poindexter v. State, supra*; *Adanandus v. State, supra*. Appellant's first and second points of error are overruled.

■ In his final four points of error, appellant complains of the introduction of an unadjudicated extraneous offense involving an assault upon a fellow high school student. Specifically, appellant argues that the extraneous offense was improperly admitted to show character conformity, that it was not admissible to rebut appellant's defense or his character witnesses, and that its probative value was substantially outweighed by the danger of unfair prejudice.

The record shows that the State offered evidence of the extraneous offense to rebut appellant's testimony and the testimony of appellant's character witnesses. Appellant testified during the guilt/innocence phase of trial regarding the events pertaining to his daughter's injury and hospitalization, and he stated that he would not do anything to intentionally hurt either of his children. Appellant also called character witnesses to testify on his behalf. These witnesses testified that, in their opinion, appellant was a nonviolent, peaceable, and truthful person. The State cross-examined these witnesses and asked if they knew about the assault at the high school and if that information changed their opinion of appellant. It did not. Over appellant's objections, the State was allowed to offer the rebuttal testimony of one of appellant's former high school teachers. The teacher testified about an incident that had occurred during class in which appellant walked across the room with a stool and hit another student from behind with the stool. The teacher also testified that, in his opinion, appellant was a nonviolent person and that, other than this one incident, appellant was a nice, polite, good, and well-behaved student.

The State asserts that evidence of the extraneous offense is admissible under TEX.R.CRIM. EVID. 404(a)(1) "to rebut the impression" left by the defense that appellant is a nonviolent person and "is not the type of person that would commit an assaultive act." Under Rule 404(a)(1), evidence of a defendant's character or a trait of his character is not admissible to prove that he acted in conformity therewith; however, evidence of a pertinent character trait may be offered by the defense or by the prosecution to rebut such defensive evidence. Evidence of an extraneous crime or bad act "is not admissible to prove the character of a person in order to show that he acted in conformity therewith"; but such evidence may be admissible for other purposes, such as showing motive, intent, or identity. TEX.R.CRIM.EVID. 404(b); *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1991). Inquiry into specific instances of conduct is permissible on cross-examination of a character witness; however, proof of such specific instances of conduct is not admissible unless character or a character trait is an essential element of the charge, claim, or defense. TEX.R.CRIM. EVID. 405.

We hold that the trial court abused its discretion by allowing the rebuttal witness to testify about the extraneous offense. Evidence of appellant's prior assault on a high school classmate was not admissible under Rule 404(a)(1) or Rule 404(b). Although appellant's character for violence would have been admissible rebuttal, proof of the specific incident involving an assault on a classmate was not admissible. Proof of the incident did not properly rebut appellant's assertion that he would not intentionally harm his children or the character witnesses' opinions that appellant was a truthful, nonviolent person. Appellant did not "open the door" to proof of the extraneous offense. Additionally, appellant's character was not an essential element of the charge, claim, or defense under Rule 405.

■ Although the trial court abused its discretion in admitting the extraneous offense, we hold that the error was harmless under TEX.R.APP.P. 44.2(b). Rule 44.2(b) provides that any error, other than a constitutional error, that "does not affect substan-

tial rights must be disregarded." The erroneous admission of an extraneous offense does not constitute constitutional error. *Garza v. State*, 963 S.W.2d 926 (Tex.App.—San Antonio 1998, no pet'n); *George v. State*, 959 S.W.2d 378 (Tex.App.—Beaumont 1998, pet'n ref'd). A substantial right is affected when the error has a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Cr. App.1997).

The erroneous admission of the extraneous offense did not have a substantial and injurious effect on the jury's verdict in this case. The teacher who testified about the extraneous incident also testified that appellant was a nonviolent person, despite the teacher having witnessed the fight between appellant and his classmate. On cross-examination, one of appellant's character witnesses testified that he knew about the incident and that "it was something that [appellant] had to do. Somebody is roughing you, you know, what would you do?" The State argued in closing that appellant was generally an easy-going person but that he had the "capability to snap" like he had done that day in class when he "pound[ed] the back of another student with a stool." The jury, however, acquitted appellant of intentionally or knowingly causing the injuries to his child and convicted him of the lesser included offense of recklessly causing the injuries. Moreover, the evidence that appellant caused his three-month-old daughter's injuries was overwhelming. The record shows that appellant was the only person present at the time the injuries were sustained. The child's injuries included a complex fracture to the left side of the skull, a simple fracture to the right side of the skull, swelling on both sides of the head and on the forehead, contusions within the brain, and a subdural hemorrhage. Expert witnesses testified that the injuries were not the result of an accident but were caused by tremendous force, such as a car wreck, numerous blows to the head with a blunt object, or slamming the head against a hard surface. The expert witnesses further testified that the injuries were inconsistent with appellant's story and that the injuries could not have been caused by falling off a couch onto indoor/outdoor carpet. The third, fourth, fifth, and sixth points of error are overruled.

The judgment of the trial court is affirmed.