Everett Charles Scott v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-159-CR

     EVERETT CHARLES SCOTT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 98-216-C
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      Although I agree to affirm the judgment, I cannot join the majority opinion.
NOTICE UNDER ARTICLE 37.07
      Limited to the facts of this case, I agree that the trial court did not abuse its discretion in
finding the notice reasonable. As the majority states, Scott’s counsel did not object that the notice
would be inadequate when he informed the court before trial that the State had agreed to provide
notice “within four days.” Furthermore, because the ruling did not come until the beginning of
the punishment phase, the court could have taken the time during guilt-innocence into account
when it found the notice to be reasonable. I do not agree with the sections entitled “Evidence
regarding the other sexual assault cases,” “Evidence regarding the victim,” or “Evidence
regarding the four misdemeanor convictions and the drug indictment.” The trial court’s ruling
should be made in light of circumstances that surround it at the time it is made. The majority uses
the hindsight of what happened thereafter to justify the ruling. Because defense counsel in effect
agreed to the rather late notice, how well he performed in handling the offenses is immaterial.
INEFFECTIVE ASSISTANCE OF COUNSEL
      Scott’s position on appeal is: 1) counsel should never have asked the grandson about Scott’s
character; and 2) counsel never sought a ruling on the admissibility of the extraneous offenses and
should not have stipulated to indictments alleging those offenses. He contends that, after opening
the door to some form of impeachment, counsel’s stipulation allowed the State to exceed the scope
of impeachment allowed under the rules of evidence. Specifically, he says that the State was not
entitled to have the additional “victims” testify that they had been assaulted to impeach the
grandson’s testimony, so there was no reason to stipulate.
      Following Strickland, the analysis must begin with the first prong of the two-pronged test:
was trial counsel's performance


 so deficient, because he made errors of such a serious nature, that
his assistance fell below an objective standard of reasonableness? Strickland v. Washington, 466
U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Whether a defendant received
effective assistance of counsel must be made according to the facts of each case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
      Counsel should not have asked the grandson about Scott’s character trait. Opening the door
with that type of question cannot be considered sound trial strategy. Although the majority says
Scott does not present a record of “counsel’s decision to call Scott’s grandson as a witness,” no
record is needed to determine that he was called to testify that the complainant, Billy Cornett, had
denied the offense prior to trial. So, the ineffectiveness alleged is not in calling the witness but
in asking the wrong question.
      After he erroneously “opened the door,” counsel gave the State more than it was entitled to. 
Testimony of similar extraneous offenses was not admissible. Thus, counsel’s decision to, in
effect, agree to assertions that the extraneous offenses had occurred also cannot be justified on the
basis of “sound trial strategy.”
      The genesis of today’s interpretation of Rule 404(b) of the Rules of Evidence is found in
Montgomery v. State, 810 S.W.2d 372, 386-95 (Tex. Crim. App. 1990) (on rehearing). Near the
beginning of the discussion, the opinion says, “Evidence of ‘other crimes, wrongs, or acts’ ‘may,
however, be admissible’ if it has relevance apart from its tendency ‘to prove the character of a
person in order to show that he acted in conformity therewith.’” Id. at 387 (emphasis in original). 
Shortly thereafter, the opinion says, “On the other hand, if extraneous offense evidence is not
‘relevant’ apart from supporting an inference of ‘character conformity,’ it is absolutely
inadmissible under Rule 404(b).” Id. (emphasis added); see also Santellan v. State, 939 S.W.2d
155, 168 (Tex. Crim. App. 1997). “For if evidence of ‘other crimes, wrongs, or acts’ has only
character conformity value, the balancing otherwise required by Rule 403 is obviated, the
rulemakers having deemed that the probativeness of such evidence is so slight as to be
‘substantially outweighed’ by the danger of unfair prejudice as a matter of law.” Montgomery,
810 S.W.2d at 387.
      This case is factually similar to Matthews v. State, 979 S.W.2d 720 (Tex. App.—Eastland
1998, no pet.). The Eastland court held it was error to allow evidence of an extraneous assault
against the defendant’s fellow high school student, after the defendant had called character
witnesses to testify that the he was a non-violent, peaceable, and truthful person. The state cross-examined the character witnesses to see if they knew about the extraneous assault; they did not. 
The state attempted to justify the admission of the extraneous-offense evidence “to rebut the
impression” left by the defendant that he was a non-violent person who would not commit an
assaultive act. In finding error the Court noted that the defendant’s character was not an essential
element of the charge, claim, or defense under Rule 405.


 Id. at 722; Tex. R. Evid. 405. The
complaint on appeal was finally overruled because the Court found that the error in admitting the
evidence was harmless. Matthews, 979 S.W.2d at 723.
      The State was entitled to impeach the grandson with ”do you know” questions regarding the
offenses against the other victims. Perhaps the majority has confused the rules differentiating
between a witness or an accused who testifies and leaves a false impression about his own prior
activities, who may be impeached with prior conduct, and a witness who testifies about a character
trait of the accused. As our sister court in Houston has stated:
Under Rule 609, when a witness takes the stand and leaves the false impression of
his "trouble" with the police, it is legitimate cross-examination to prove that the witness
has been "in trouble" on other occasions. Ramirez v. State, 802 S.W.2d 674, 676 (Tex.
Crim. App. 1990) (quoting Nelson v. State, 503 S.W.2d 543, 545 (Tex. Crim. App.
1974)) (emphasis added). [footnote omitted]. See also Prescott v. State, 744 S.W.2d
128, 130-131 (Tex. Crim. App. 1988); Long v. State, 820 S.W.2d 888, 895 (Tex.
App.—Houston [1st Dist.] 1991, pet. ref'd) (providing that if the accused is a witness,
he may be impeached by prior offenses if he leaves a false impression as to the extent of
his prior arrests, convictions, charges, or trouble with the police). It is when the witness
makes a blanket statement concerning his conduct that he "opens the door" and his
credibility may be impeached with "mere accusations, or specific acts of misconduct." 
Murphy v. State, 587 S.W.2d 718, 722 (Tex. Crim. App. [Panel Op.] 1979) (emphasis
added).
 
On the other hand, when a witness testifies as to the character of the accused, Rule
405(a) allows "do you know" questions to be asked of the witness to test the basis for his
personal opinion. Reynolds v. State, 848 S.W.2d 785, 788 (Tex. App.—Houston [14th
Dist.] 1993, pet. ref'd); Thomas v. State, 759 S.W.2d 449, 452 (Tex. App.—Houston
[14th Dist.] 1988, pet. ref'd). [footnote omitted]. Here, by making the statement "My
son wouldn't do that," R.P. became a character witness, espousing his opinion about
appellant's propensity to commit the crime. See Hedicke v. State, 779 S.W.2d 837, 839
(Tex. Crim. App. 1989), cert. denied, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 836
(1990) (stating that personal opinion testimony of a witness who knows the person is one
method of proving character). 

Matter of G.M.P., 909 S.W.2d 198, 208 (Tex. App.—Houston [14th Dist.] 1995, no writ)
(complaint that the trial court erred in allowing the State to cross-examine appellant's father about
another accusation leveled against appellant in Arkansas).
      The State offered no justification for the admission of the extraneous offenses other than to
rebut the grandson’s assertion of Scott’s character. See Pavlacka v. State, 892 S.W.2d 897, 902
(Tex. Crim. App. 1994) (State, as proponent of the evidence, suggested no theory of logical
relevance other than character conformity by which rebuttal testimony can be said genuinely to
rebut appellant's denials). The extraneous-offense indictments had no relevance apart from their
tendency to show Scott’s character as one who habitually abuses under-age children. See
Montgomery, 810 S.W.2d 387. “[T]his is precisely the inference that Rule 404(b) prohibits,
because the probative value is deemed substantially outweighed by the danger of unfair prejudice
as a matter of law.” Pavlacka, 892 S.W.2d at 902 (citing Montgomery, 810 S.W.2d at 387). 
Such evidence is “inherently prejudicial” and, in this instance, was not admissible. Montgomery,
810 S.W.2d at 388. To pass over the admission of prejudicial and arguably inadmissible evidence
may be strategic; to pass over the admission of prejudicial and clearly inadmissible evidence, as
here, has no strategic value. Ex parte Manchaca, 854 S.W.2d 128, 132 (Tex. Crim. App. 1993)
(citing Lyons v. McCotter, 770 F.2d 529, 534 (5th Cir. 1985)). 
      Counsel at first argued that he had not opened the door to testimony by the alleged victims. 
After the prosecutor suggested a hearing, the next event on the record is the discussion of the
stipulation. Had counsel stood his ground, admission of the extraneous-offense evidence, had the
court admitted it, would have been error. Instead, he agreed to stipulate to the most damaging
form of extraneous-offense evidence—that of similar misconduct of a sexual nature. 
      Because I believe that trial counsel’s performance was seriously deficient, I turn to the second
prong of the Strickland test: can Scott affirmatively prove prejudice, i.e., can he show a reasonable
probability that, but for his counsel's unprofessional errors, the result of the proceeding would
have been different? Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability
is a probability sufficient to undermine confidence in the outcome. Id.
      It is possible for a single egregious error of omission or commission to constitute ineffective
assistance. Thompson, 9 S.W.3d at 813; see, e.g., Ex parte Felton, 815 S.W.2d 733, 735 (Tex.
Crim. App. 1991) (failure to challenge a void prior conviction used to enhance punishment
rendered counsel ineffective); Perrero v. State, 990 S.W.2d 896, 899 (Tex. App.—El Paso 1999,
pet. ref’d) (counsel's failure to properly prepare defendant for his testimony was both ineffective
and extremely prejudicial); Brown v. State, 974 S.W.2d 289, 293 (Tex. App.—San Antonio 1998,
pet. ref’d) (“We find no reasonable explanation for why defense counsel would open the door to
this damaging extraneous evidence and aid in linking the evidence to the defendant.”).
      I cannot say that counsel’s asking the question of Scott’s grandson and agreeing to the
stipulation seriously undermines confidence in the outcome of the case. Although the question led
to the State’s offer of extraneous-offense evidence, the stipulation was not more damaging than
live testimony would have been. Even though (1) most of the State’s numerous witnesses were
impeached to some extent, (2) the State relied heavily on the testimony of the complainant whose
credibility had been attacked by a showing that he had initially denied the events and had told
Scott’s grandson that the events had not occurred, and (3) the evidence was used forcefully in the
State’s final argument when the prosecutor told the jury that they heard about the two other
offenses only because counsel “open[ed] the door for you to find out that there are other people
who believe he does have the kind of character that would do that . . . to young boys,” I cannot
say that exclusion of the extraneous-offense evidence would have yielded a different result in the
proceeding. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. 
      Because I disagree with the way the majority has analyzed Scott’s issues, I do not join the
opinion, but concur in affirming the judgment.


                                                                       BILL VANCE
                                                                       Justice

Concurring opinion delivered and filed August 15, 2001
Publish