**Affirmed and Memorandum Opinion filed September 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00650-CR

---

### ERIC JARROD WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Court Cause No. A-080508-R**

---

## M E M O R A N D U M   O P I N I O N

Appellant Eric Jarrod Williams appeals his conviction for indecency with a child. *See* Tex. Penal Code Ann. § 21.11 (Vernon 2011). In two issues, appellant argues that (1) the trial court erred in admitting evidence of extraneous offenses allegedly committed by appellant; and (2) the evidence presented at trial was legally and factually insufficient to establish that appellant committed the specific offense

alleged in the indictment.  We affirm.[1]

Appellant was indicted for indecency with a child younger than 17 years of age by exposure.  *See* Tex. Penal Code § 21.11 (a)(2).  The complainant, J.L., was 13 years old at the time of the incident.  J.L. testified that he and appellant masturbated together while watching pornographic movies.  J.L. testified that he agreed to do so because appellant paid him.  J.L. stated that this conduct occurred between 10 and 16 times.  Another minor, D.B., testified that he also agreed to masturbate with appellant while watching a pornographic movie for money.

On May 15, 2013, a jury found appellant guilty of indecency with a child by exposure.  Appellant elected to have the trial court determine punishment, and the case was reset until June 14, 2013.  The trial court assessed punishment on June 14, 2013, at 10 years' confinement probated for 10 years and a fine of $5,000.  Appellant was ordered to serve 180 days in the Orange County Jail as a term and condition of probation.  This appeal followed.

ANALYSIS

## I.  Admission of Extraneous Offenses

Appellant contends in his first issue that the trial court violated Texas Rule of Evidence 404(b) by admitting evidence of extraneous offenses allegedly committed by appellant during the guilt-innocence phase of his trial.  The extraneous offenses at issue were incidents in which appellant allegedly watched pornographic movies and masturbated in front of J.L., and an incident in which appellant allegedly watched a pornographic movie and masturbated in front of

---

[1] Appellant initially appealed to the Ninth Court of Appeals in Beaumont.  Pursuant to a docket equalization order, this appeal was transferred to this court.  *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2013).

2

D.B. Appellant asserts that, because the incident upon which the State elected to base the indictment was a specific event, evidence of extraneous offenses committed by appellant against J.L. and an extraneous offense committed by appellant against D.B. was inadmissible.

We review a trial court's ruling on admission of evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). The trial court's ruling will be upheld as long as it falls within the zone of reasonable disagreement and is correct under any theory of law applicable to the case. *Id*.; *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).

## A.      Extraneous Offenses Against the Complainant

Evidence of other crimes, wrongs, or acts generally is not admissible to prove the character of a person to show action in conformity therewith. Tex. R. Evid. 404(b). Nevertheless, evidence of other crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon a timely request by the defendant, the State gives reasonable notice in advance of trial of intent to introduce such evidence. *Id*.

The State argues that the trial court did not abuse its discretion because the identity of appellant was at issue. We disagree that identity was at issue. The dispute at trial focused not on the identity of the person who exposed himself to J.L., but on whether J.L. was credible and whether the incident occurred. Thus, identity does not serve as a proper basis for admitting evidence of extraneous offenses in this case. *See Eubanks v. State*, 113 S.W.3d 562, 566 n.1 (Tex. App.—

Dallas 2003, no pet.) (identity not at issue in case in which main issue at trial was whether sexual assault occurred and victim testified that she had been sexually assaulted by appellant).

This conclusion does not end the analysis. In cases involving prosecution of a defendant for an offense under Chapter 21 of the Penal Code against a child under 17 years of age, article 38.37 of the Texas Code of Criminal Procedure provides that evidence of crimes, wrongs, or acts committed by the defendant against a child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including the state of mind and relationship between the child and defendant. Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2014). Article 38.37 is an evidentiary rule and supersedes Rule 404 in prosecutions for indecency with a child. *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd); *Morgan v. State*, Nos. 14-01-00809-CR & 14-01-00810-CR, 2002 WL 1438680, at *3 (Tex. App.—Houston [14th Dist.] July 3, 2002, pet. ref'd) (not designated for publication).

Under article 38.37, the extraneous offenses at issue were admissible because they pertained to appellant's state of mind and the nature of appellant's relationship with J.L. *See* Tex. Code Crim. Proc. Ann. art. 38.37; *Sarabia v. State*, 227 S.W.3d 320, 325 (Tex. App.—Fort Worth 2007, pet. ref'd) (pornographic photograph defendant showed victim was admissible because it was relevant to defendant's relationship with victim); *McCulloch v. State*, 39 S.W.3d 678, 681 (Tex. App.—Beaumont 2001, pet. ref'd) (evidence of prior sexual assaults committed by defendant against victim was relevant to victim's and defendant's state of mind, defendant's dominance over victim, and defendant's misuse of his position of family disciplinarian to commit abuse); *Hinojosa v. State*, 995 S.W.2d 955, 958 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (evidence that appellant

fondled victim's breasts and private parts at least once a week for 10 years was relevant to the defendant's relationship with the victim); *see also Peters v. State*, No. 07-01-0430-CR, 2002 WL 31439482, at \*1 (Tex. App.—Amarillo Oct. 31, 2002, pet. ref'd) (per curiam) (not designated for publication) (evidence of prior indecency with a child offense committed by defendant against victim was relevant to defendant's relationship with victim).

Although the State did not specifically invoke article 38.37 below, it stated in closing argument that the extraneous offenses committed by appellant against J.L. were probative of appellant's attempt to groom J.L. to be a victim. This evidence had a bearing on the nature of the relationship between appellant and J.L., and therefore, it was admissible. *See Sarabia*, 227 S.W.3d at 325; *McCulloch*, 39 S.W.3d at 681; *Hinojosa*, 995 S.W.2d at 958; *see also Peters*, 2002 WL 31439482, at \*1.

Article 38.37 may be considered for the first time on appeal as a basis for the admission of the evidence at issue. *See Hitt*, 53 S.W.3d at 706; *McCoy v. State*, 10 S.W.3d 50, 53 (Tex. App.—Amarillo 1999, no pet.) ("The fact that the benefit of the statute was not specifically invoked by the State at trial does not prevent it from being applicable in our consideration of the challenge before us."). A defendant is entitled to notice from the State of its intent to use such evidence if the defendant makes a specific request for such information pursuant to article 38.37. *See* Act of April 21, 2011, 82nd Leg., R.S., ch. 1, § 2.05, 2011 Tex. Sess. Law Serv. 6, 6, *amended by* Act of June 14, 2013, 83rd Leg., R.S., ch. 387, § 3, 2013 Tex. Sess. Law Serv. 1168, 1168-69 (current version at Tex. Code Crim. Pro. Ann. art. 38.37 (Vernon Supp. 2014)).[2] Appellant's request for notice of extraneous offenses did

---

[2] We apply the statute in effect at the time of the conviction, which was the statute as amended effective September 1, 2011. *See* Act of April 21, 2011, 82nd Leg., R.S., ch. 1, § 2.05, 2011 Tex. Sess. Law Serv. 6 (amended 2013). ("The change in law made by this Act applies to

not specifically request notice under article 38.37. Appellant nonetheless had notice of the extraneous offenses. Before the guilt-innocence phase of trial began, the court held a hearing during which the State revealed the extraneous offenses it intended to introduce during trial.

We conclude that the trial court did not abuse its discretion by allowing testimony of extraneous offenses committed against J.L. because it is probative of the appellant's state of mind and relationship between appellant and J.L. *See Weatherred*, 15 S.W.3d at 542 (trial court's ruling will be upheld as long as it is correct under any theory of law applicable to the case).

### B. Extraneous Offense Against D.B.

Appellant also contends that the trial court erred by allowing testimony of D.B. that D.B. agreed for money to masturbate with appellant while watching a pornographic movie. Article 38.37 does not apply to this evidence because article 38.37 applies only to "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense . . . ." Assuming the trial court erred by allowing the testimony of D.B. with regard to appellant's conduct, we conclude that the asserted error was harmless.

Error in admitting evidence concerning extraneous offenses is a non-constitutional error and is reviewed under Texas Rule of Appellate Procedure 44.2(b). *Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007). Rule 44.2(b) provides that an appellate court must disregard a non-constitutional error that does not affect a criminal defendant's "substantial rights." Tex. R. App. P. 44.2(b); *Sandoval v. State*, 409 S.W.3d 259, 304 (Tex. App.—Austin 2013, no

the admissibility of evidence in a criminal proceeding that commences on or after the effective date [Sept. 1, 2013] of this Act. The admissibility of evidence in a criminal proceeding that commences before the effective date of this Act is covered by the law in effect when the proceeding commenced, and the former law is continued in effect for that purpose.").

pet.). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction will not be reversed for non-constitutional error if the appellate court, after examining the record as a whole, "has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

The evidence introduced at trial that supported the verdict included the testimony of J.L., J.L.'s mother, J.L.'s cousin, C.J., and Officer Sarah Jefferson Simon. J.L. testified that appellant masturbated in front of him on multiple occasions. J.L.'s mother, an outcry witness, testified that J.L. told her that appellant masturbated in front of him. C.J. testified that appellant showed J.L. and C.J. pornographic movies and stated that appellant "kind of sort of" masturbated in front of them. Further, the State introduced a prior written statement signed by C.J., which stated: "[N.] and [J.L.] were at [appellant's] house about four or five times while I was there. [Appellant] would be on one side of his bed. He would be pleasuring himself." Officer Simon testified that she found the accounts given by the juveniles to be consistent.

Considering the evidence introduced at trial, we cannot conclude the extraneous offense testimony affected a substantial right of appellant. *See Matthews v. State*, 979 S.W.2d 720, 723 (Tex. App.—Eastland 1998, no pet.) (admission of evidence of extraneous offense of assault was harmless in child abuse case, and did not affect defendant's substantial rights, in light of overwhelming evidence of his guilt). Therefore, the asserted error is not reversible under Rule 44.2(b). Accordingly, we overrule appellant's first issue.

## II.     Sufficiency of the Evidence

Appellant contends in his second issue that the evidence presented at trial was legally and factually insufficient to establish that appellant committed the specific offense alleged in the indictment.  We disagree.

### A.     Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *See Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt.  *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson*, 443 U.S. at 319.  The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence.  *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence.  *Id*.  We draw all reasonable inferences from the evidence in favor of the verdict.  *Id*.

### B.     Applicable Law

To support a conviction for indecency with a child, the State was required to prove beyond a reasonable doubt that: (1) the child was within the protected age group and not married to the accused; (2) the child was present; (3) the accused had the intent to arouse or gratify someone's sexual desire; (4) the adult knew that

a child was present; and (5) that the accused exposed his anus or genitals.  *See* Tex. Penal Code Ann. § 21.11(a)(2)(A).  Further, because the State presented evidence of more than one act, it was required to elect the specific indictment upon which it sought conviction.  The jury charge indicated that the State elected "to rely on the allegation that occurred at the defendant's home, in the presence of [C.J.]"

### C.  Analysis

Appellant argues that the only evidence regarding the specific incident elected by the State was C.J.'s testimony, which was insufficient to support appellant's conviction because C.J. "denied that [appellant's] genitals were exposed at that time."  We disagree.

J.L. testified that he first met appellant when he was 14 years old at his aunt's house.[3]  On that occasion, appellant asked J.L. and two of J.L.'s male cousins, including C.J., to masturbate in front of him.  J.L. stated that appellant promised to pay each of the males $10 and promised to pay an extra $10 to the person who "finished first."  J.L. testified that appellant drove J.L. and his cousins to a parking lot where appellant took out his laptop and turned on a pornographic movie.  J.L. stated that the males, including appellant, masturbated together.  J.L. stated that he and appellant masturbated together between 10 and 16 times in Orange County, Texas and Vinton, Louisiana.  J.L. indicated that sometimes he was alone with appellant and sometimes other boys were present.  J.L. stated that he "went to [appellant's] house a couple of times" to masturbate.  J.L. stated that, when he went to appellant's house,

> [Appellant] would put a — like when we was at his house, he would put the laptop on the bed where we both could see it and he would put a blanket on the floor.  He would grab some lotion and stuff like that;

---

[3] Later testimony indicated that J.L. was 13 years old at the time of the incident.

9

but I told him, 'I ain't — I ain't want none.' And, you know, he will just put — he would get naked sometimes; and I just pulled my pants down.

After J.L. testified, the State called C.J. to testify. C.J. provided testimony that was contrary to a previous written statement that he signed; the State requested that C.J. be designated as a hostile witness. The relevant testimony included this exchange:

THE STATE: Okay. Was there an instance where you masturbated at his house?

C.J.: Yeah.

THE STATE: Was there an instance, at least one occasion, where your cousin, [J.L.], was there?

C.J.: Yeah.

THE STATE: And y'all watched [a] sex tape?

C.J.: Yeah.

THE STATE: And he masturbated?

C.J.: Yeah.

THE STATE: And [appellant] masturbated with y'all?

C.J.: Kind of sort of.

THE STATE: Okay.

C.J.: But he wasn't like in plain sight.

To impeach this testimony, the State presented a sworn statement by C.J. stating: "[N.] and [J.L.] were at [appellant's] house about four or five times while I was there. [Appellant] would be on one side of his bed. He would be pleasuring himself."

The jury is the sole judge of the credibility of the witness and the weight to be given to the witness's testimony. *Spearman v. State*, 307 S.W.3d 463, 469 (Tex. App.—Beaumont 2010, pet. ref'd). Based on the inconsistencies between C.J.'s testimony at trial and in his written statement, reasonable jurors could have

disregarded his testimony at trial. *See id.*

J.L. testified that appellant masturbated in front of him and others at appellant's house. C.J. testified that he saw J.L. masturbate at appellant's house. C.J. also testified that he saw appellant "kind of sort of" masturbating in J.L.'s presence. C.J.'s prior statement indicated that appellant masturbated in front of the boys in appellant's house. Viewing the evidence in a light most favorable to the verdict, a reasonable jury could have concluded that appellant was guilty of indecency with a child. *See Gear*, 340 S.W.3d at 746.

We conclude that the evidence is legally sufficient to support appellant's conviction. Accordingly, we overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's two issues on appeal, we affirm the trial court's judgment.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, Busby, and Wise.
Do not Publish — Tex. R. App. P. 47.2(b).