ACCEPTED
06-14-00147-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/25/2015 3:24:57 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00147-CR

**IN THE**
**SIXTH COURT OF APPEALS**
**AT TEXARKANA, TEXAS**
_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/27/2015 3:24:57 PM
DEBBIE AUTREY
Clerk

Asim Shakur Rahim,
Appellant,

v.

The State of Texas,
Appellee.
_____

On Appeal from the
County Court at Law, Lamar County, Texas
Hon. Bill Harris, Presiding
_____

**APPELLANT'S BRIEF**

Don Biard
State Bar No. 24047755
Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

*Defendant Below*
*Appellant in this Court*

Randyael Dontrell Tyson

Counsel for Appellant:
      Don Biard                        (on appeal)
      State Bar No. 24047755
      38 First Northwest
      Paris, Texas 75460
      Tel: (903)785-1606
      Fax: (903)785-7580
      Email: dbiard@att.net

      Quincy Smith Brannan         (at trial)
      State Bar No. 24077576
      3140 Clark Lane
      Paris, Texas 75460
      Tel: (903)715-4401
      Fax: (469)547-0686

*Appellee in this Court*

The State of Texas

Counsel for Appellee:
      Gary Young
      Lamar County Attorney's Office
      119 N. Main Street
      Paris, Texas 75460
      Tel: (903)737-2458
      Fax: (903)737-2455

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………..........…………………………………1

Table of Contents………………………..........……………………………………….2

Index of Authorities……………………………………………………………….....3

Issues Presented…………………………………………………………………………4

Summary of the Argument.........................................................................................4

Statement of the Case……………………………………………………………...5

Procedural History………………………....………………………………….....6

Facts…………………..……………………………………………………..7-8

Argument and Authorities………………………….....………………………….....9-17

Prayer………………..…………………………………………………………18

Certificate of Service……………….......……………………………….……....19

Certificate of Compliance With Rule 9.4(i)(3).........................................................20

# INDEX OF AUTHORITIES

## Caselaw

*Brown v. State,* 477 S.W.2d 617 (Tex. Crim. App. 1972)......................................12

*De La Paz v. State,* 279 S.W.3d 336  (Tex. Crim. App. 2009)...............................10

*Harrison v. State,* 241 S.W.3d 23 (Tex. Crim. App. 2007)....................................12

*Jiminez v. State,* 32 S.W.3d 233 (Tex. Crim. App. 2000)...........................................9

*Matthews v. State,* 979 S.W.2d 720 (Tex. Crim. App. – Eastland 1998)...........10,13

*Montgomery v. State,* 810 S.W.2d 372  (Tex. Crim. App. 1991)............................16

*Tate v. State,* 981 S.W. 2d 189 (Tex. Crim. App. 1998)..........................................14

*Thang Cuong Ngo v. State,* 175 S.W. 3d 738 (Tex. Crim. App. 2005)....................9

*U.S. v. Thomas,* 134 F.3d 975 (9th Cir. 1998)......................................................14

*Warner v. State,* 245 S.W.3d 458 (Tex. Crim. App. 2008)............................9,15,16

*Wilson v. State,* 71 S.W.3d 346 (Tex. Crim. App. 2002)........................................12

*Woodard v. State,* 322 S.W. 3d 648 (Tex. Crim. App. 2010)....................................9

## Statutes and Rules of Evidence

Tex. Pen. Code §22.01....................................................................................6

Tex. R. Crim. Pro. Art. 103.001......................................................................17

Tex. R. Evid. 404.............................................................................................10

Tex. R. Evid. 405........................................................................................10,14

## Secondary Sources

Goode, Wellborn, & Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* §405.2 (2d Ed. 1993)..............................................................................14

## SUBJECT MATTER OF ISSUES PRESENTED

**I. Whether the trial court erred in instructing the jury that it could consider evidence of extraneous offenses as evidence of Appellant's character.**

**II. Whether the evidence is sufficient to support the trial court's order requiring Appellant to pay costs of court.**

## SUMMARY OF THE ARGUMENT

**First, over defense objection, the trial court allowed the state to cross examine Appellant about prior instances of assault. The trial court then instructed the jury that it could consider those prior bad acts for the purpose of showing Appellant's character for being a peaceable or law abiding person. Evidence of prior bad acts may be properly considered for some purposes, such as to prove intent or motive. However, it may not be considered by the jury to prove Appellant's character. Accordingly, the trial court erred in instructing the jury that it could do so.**

**Second, there is insufficient evidence to support the trial court's order requiring Appellant to pay costs of court. The trial court ordered Appellant to pay $302.00 in costs of court. However, the record does not contain a certified bill of costs. Without a certified bill of costs Appellant cannot be required to pay costs of court.**

## STATEMENT OF THE CASE

*Nature of the Case:*    Plea of Not Guilty to One Charge of Assault

*Trial Court:*      The Honorable Bill Harris
          County Court at Law, Lamar County, Texas

*Trial Court Disposition:*  A jury convicted Appellant and sentenced
          Appellant to a 365 day jail term.

## PROCEDURAL HISTORY

On April 2, 2014, Asim Shakur Rahim was charged by information with Assault.[1] The offense is a Class A misdemeanor.[2] Jury selection was held on August 5, 2014 and the case was tried to the jury on August 13, 2014. The jury found Rahim guilty of the charged offense and sentenced him to 365 days in jail.[3] The trial court ordered that Rahim also pay $302.00 in costs of court.[4] Rahim timely filed a notice of appeal.[5]

---

[1] CR, pg. 5
[2] Tex. Pen. Code §22.01
[3] CR, pg. 61
[4] CR, pg. 64
[5] CR, pg. 65

**FACTS**

Paris Police officers responded to a report of a disturbance at a convenience store in Paris, Texas.[6] Appellant, Asim Rahim, another man, Larry Solomon, and other bystanders were standing outside the store.[7] Officers interviewed Solomon. He said that he was inside the store when Rahim came in and asked him to go outside where they could talk. Once outside, Solomon said that Rahim accused him of having an affair with his wife. Solomon denied having an affair. At some point a fight ensued, Rahim punched Solomon, and threw him to the ground.[8]

The officers also interviewed Rahim. Rahim said that he was inside the store when Solomon arrived and asked him to go outside to talk. At some point, Solomon began acting aggressively and pointed his fingers in Rahim's face. So, Rahim hit him.[9]

Rahim testified at trial. He admitted that he had punched Solomon and that they had gone to the ground in a struggle. He testified that he punched Solomon in self-defense after Solomon "stepped up and pointed with his finger" in Rahim's face.[10] Rahim also testified that he knew Solomon carried a pistol and was afraid that Solomon would shoot him.[11]

---

[6] RR, pg. 31
[7] RR, pg. 31
[8] RR, pg. 32
[9] RR, pg. 38
[10] RR, pg. 225
[11] RR, pg. 225

After direct examination during Rahim's testimony, the state asked the trial court for permission to bring up prior instances of assault that Rahim had allegedly committed.[12] After some discussion outside the presence of the jury, the trial court permitted the state to do so.[13]

During Rahim's cross examination, the state questioned him about a Class C misdemeanor assault to which Rahim had plead guilty and another assault charge that had ultimately been dismissed.[14]

The jury ultimately convicted Rahim of the charged offense and sentenced him to serve 365 days in jail.

---

[12] RR, pg. 241
[13] RR, pg. 243
[14] RR, pgs. 245-246

**Issue No. 1 Restated: The trial court erred when it instructed the jury that it could consider evidence of Appellant's prior bad acts as evidence of Appellant's character.**

## Standard of Review

When there is error in the jury charge and there is a timely objection to the charge, reversal is require if there is "some" harm.[15] Where there is no timely objection, reversal is required if there is "egregious" harm.[16] Errors that result in egregious harm are those that affect "the very basis of the case," "deprive the defendant of a valuable right," or "vitally affect a defensive theory."[17]

## Analysis

### a. The primary defense theory at trial was that Rahim acted in self-defense

There was no dispute at trial that Rahim and the alleged victim, Solomon, were in an altercation. The defense theory at trial, however, was that Rahim had acted in self defense to protect himself from Solomon's aggressive actions.

Rahim testified in his own defense during guilt/innocence phase. During cross-examination, the state asked the court for permission to inquire into Rahim's

---

[15] *Woodard v. State,* 322 S.W. 3d 648, 659 (Tex. Crim. App. 2010)
[16] *Woodard v. State* at 659; *Jiminez v. State*, 32 S.W.3d 233, 238 (Tex. Crim. App. 2000)
[17] *Warner v. State*, 245 S.W.3d 458, 462 (Tex. Crim. App. 2008); *Thang Cuong Ngo v. State*, 175 S.W. 3d 738, 750 (Tex. Crim. App. 2005)

past instances of aggressive conduct. The state told the court that Rahim had previously been convicted of a Class C misdemeanor Assault.

After some discussion, the trial court permitted the state's inquiry.[18] The trial court stated, "I believe the Defendant's character for being a peaceful and law-abiding citizen is in issue and considering the self-defense claim, the State offering this evidence under 404 and 405, I believe that it is in fact relevant."[19]

During its cross examination of Rahim, the state asked the following:

Q. Mr. Rahim, you have committed violent acts in the past, haven't you.

A. Well, I wouldn't call them violent but I - - according to the charges, ma'am, whatever you got me charged for.

Q. So is that a yes?

A. No, because it wasn't violent. That really wasn't about my wife. It was my daughter.

Q. In 2007 did you plead guilty to a Class C assault?

....

Q. ...Did you plead guilty?

A. Yes, ma'am. I pleaded guilty.

....

Q. So this is the only time you ever hit anybody in your family?

---

[18] RR, pgs. 238-244
[19] RR, pg. 243

A. No. I hit my son once, too, in his whole life. Think I choked - - you see how big he was, I couldn't choke him out.

Before closing arguments in the guilt/innocence phase, the trial court instructed the jury. The trial court's instructions included:

> The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the Information in this case. This evidence was admitted only for the purpose of assisting you, if it does, for the purpose of showing the Defendant's motive, opportunity, intent, plan, knowledge in this case **or his character for being a peaceable or law abiding person**."[20]

**b. Specific instances of prior bad acts can be used as evidence of motive, intent, plan, etc.**

As noted above, the trial court instructed the jury that it could consider evidence of Rahim's prior bad acts as evidence of the "Defendant's motive, opportunity, intent, plan, knowledge..."[21] The evidence of Rahim's prior offense is permitted to serve as evidence of these factors.[22] The trial court's instructions on this issue were not in error.

**c. Specific instances of prior bad acts cannot be used as evidence of character.**

Evidence of an extraneous crime or bad act "is not admissible to prove the character of a person in order to show that he acted in conformity therewith."[23]

---

[20] CR, pg. 55 (emphasis added)
[21] CR, pg. 55
[22] Tex. R. Evid. 404(b); *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).
[23] Tex. R. Evid. 404(b); *Matthews v. State*, 979 S.W.2d 720, 722 (Tex. Crim. App. – Eastland 1998).

One of the reasons for allowing the state to inquire into Rahim's prior bad acts was that the court determined Rahim had testified that he was a peaceful and law abiding person.[24] As noted above, the trial court's instructions stated, in part, that the jury could consider Rahim's prior bad acts as evidence of his "character for being a peaceable or law abiding person."[25]

When admissible, proof of a defendant's character may only be shown through opinion or reputation evidence.[26] The only way the state may attempt to prove the defendant's character is to present its own witnesses to testify as to either their opinion of the defendant's character or the reputation of the defendant's character in the community.

The state may cross examine defense character witnesses with "did you know" or "have you heard" type questions regarding specific instances of the defendant's conduct.[27] When cross examining a defense witness with these types of questions, the purpose is not to prove the defendant's character – that may only be done though reputation or opinion evidence – but to impeach the character witness's testimony.[28]

---

[24] RR, pg. 243
[25] CR, pg. 55
[26] *Harrison v. State*, 241 S.W.3d 23, 25 (Tex. Crim. App. 2007); *Brown v. State*, 477 S.W.2d 617, 620 (Tex. Crim. App. 1972).
[27] *Wilson v. State*, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002).
[28] *See Harrison* at 25

An instructive case on this issue is *Matthews v. State*.[29] Matthews was accused of injuring his daughter resulting in her hospitalization and was ultimately convicted of causing serious bodily injury to a child. At trial, Matthews presented several witness to testify that he was a nonviolent, peaceable and truthful person. The state was allowed to rebut this testimony through one of Matthew's former high school teachers. The teacher testified that while Matthews was in high school he had hit another student with a stool.[30]

The court of appeals held that the trial court abused its discretion in allowing this testimony. It stated:

> Evidence of an extraneous crime or bad act "is not admissible to prove the character of a person in order to show that he acted in conformity therewith"; but such evidence may be admissible for other purposes, such as showing motive, intent, or identity. Inquiry into specific instances of conduct is permissible on cross-examination of a character witness; however, proof of such specific instances of conduct is not admissible unless character or a character trait is an essential element of the charge, claim, or defense.[31]

---

[29] *Matthews v. State*, 979 S.W.2d 720 (Tex. App. – Eastland 1998).
[30] *Id.* at 722
[31] *Id.*

**c. Character is not an essential element of the defense of self-defense.**

"In cases in which a person's character or character trait is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct."[32] However, in criminal cases, character is almost never an essential element of a charge or defense.[33] The rare exception is the defensive theory of entrapment where some courts have held that evidence of the defendant's predisposition is admissible under certain circumstances.[34]

At trial, one of the reasons offered by the state for the introduction of Rahim's prior offenses was that it was admissible under Tex. R. Evide. 405(b) because his character was an essential element of the charge or defense.[35] However, even though Rahim introduced a self-defense theory at trial, his character as a peaceable or law abiding person was not an essential element of the defense of self-defense. Accordingly, the state was not allowed to prove his character through specific instances of prior bad acts under Tex. R. Evid. 405(b).

---

[32] Tex. R. Evid. 405(b)

[33] *Tate v. State,* 981 S.W. 2d 189, 193, note 5 (Tex. Crim. App. 1998), *citing* Goode, Wellborn, & Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* §405.2 (2d Ed. 1993)

[34] *U.S. v. Thomas*, 134 F.3d 975, 980 (9th Cir. 1998).

[35] RR, pg. 241

14

**d. Because Rahim's character was not an essential element of the charge or his defense, the trial court erred instructing the jury it could consider specific instances of prior bad acts as evidence of his character.**

As shown, there were only two permissible uses at trial for the evidence concerning Rahim's prior bad acts. One was to show Rahim's motive or intent. The other was to impeach Rahim's own testimony concerning his character. It was not permissible to use these specific instances as evidence of Rahim's character itself. Accordingly, the trial court erred in instructing the jury it could do so.

**e. The trial court's erroneous jury instruction caused "egregious harm" to Rahim's case.**

Rahim did not object at trial to the court's proposed jury instruction.[36] Accordingly, this court must review the trial court's error under the more rigorous "egregious harm" standard.[37]

The trial court's error caused Rahim egregious harm because it went to the very heart of the case. It was uncontested at trial that Rahim had been in an altercation with Solomon. The only issue was whether or not Rahim did so in self-defense.

Allowing the jury to consider his past bad acts, including a prior conviction, as prima facie evidence that Rahim was a violent person struck a serious blow to

---

[36] RR, pg. 256
[37] *Warner v. State* at 462

his claim of self-defense. The trial court's erroneous charge also violated the long-standing fundamental principle that evidence of an extraneous crime is not admissible to prove the character of defendant "in order to show that he acted in conformity therewith."[38]

The trial court's error went to "the very basis of the case" and was served to "vitally affect a defensive theory", namely the defense's theory of self-defense.[39] Accordingly, the trial court's error resulted in egregious harm to Rahim's case.

---

[38] *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).
[39] *Warner v. State*, 245 S.W.3d 458, 462 (Tex. Crim. App. 2008).

**Issue No. 2 Restated:  The record does not contain a certified bill of costs, therefore, Rhaim cannot be made to pay costs of court.**

Tex. Code of Crim. Pro. Art. 103.001 states:

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the costs.

The trial court's judgment orders Rahim to pay costs of court in the amount of $302.00.[40]  The record in this case does not contain a certified bill of costs. Accordingly, the evidence is insufficient to support the trial court's judgment in this regard and Tyson cannot be charged with these costs.

### Conclusion

The trial court erred in instructing the jury that evidence of Rahim's prior bad acts could be considered as evidence of his character as a peaceable or law-abiding person.  This error directly affected the vital defense theory of self-defense and went to the very basis of the defense case at trial.  Accordingly, the trial court's error resulted in egregious harm to Rahim.  Because of this, the judgment below should be reversed and remanded to the trial court.

---

[40] CR, pg. 73

17

## PRAYER

Appellant asks this court to reverse the judgment below and remand to the trial court for a new trial.  If the judgment below is not reversed in its entirety, Appellant asks this court to modify the judgment to remove the requirement that Rahim pay $302.00 in costs of court.

Respectfully Submitted,

**/s/ Don Biard**

_____
Don Biard
State Bar No. 24047755
38 First Northwest
Paris, Texas 75460
Tel:  (903)785-1606
Fax: (903)785-7580
Email: dbiard@att.net
Counsel for Appellant

# CERTIFICATE OF SERVICE

I certify that on January 26, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by hand delivery and email.

**/s/ Don Biard**

_____

Don Biard

Attorney for Appellee:
Gary Young
Lamar County Attorney's Office

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 3,083 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,


___/s/Don Biard_____
DON BIARD
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Attorney for Appellant